White, J.
Two questions arise in this case: 1. Whether the payment by the sureties to the judgment creditors extinguished the judgment; 2. Whether the priority of the judgment and the 'right to have it paid from the proceeds of the sale of the land were lost by the judgment becoming dormant during the pendency of the action.
For all purposes involved in this suit, both questions, in our opinion, require a negative answer.
It was the duty of Solomon W. Bush, the principal debtor, to pay the judgment and save the sureties harmless; and, as against the latter seeking indemnity from the property subject to the lien of the judgment, ho can not avail himself of the payment made by them. In respect to this claim of the sureties to indemnity, he occupies the same position as if the judgment had not been paid; and the effect of satisfying the judgment creditors was to entitle the sureties, in equity, to be subrogated to the rights of the former in the j udgment not only as against the principal debtor, but against all subsequent lienholders standing in his shoes.
It is true James Dean, who contests the claim of the sureties, is a mortgagee, but his mortgage is subsequent and subject to the judgment, and his rights under the mortgage are no greater against the sureties than they were against the judgment creditors, in whose place the sureties stand.
*382, 383 382] *The solution of the second question is found in the fact that the subject-matter of the suit is of equitable cognizance, and that the parties call into action the equitable jurisdiction of the court.
The land sought to be subjected to sale was, at the commencement of the suit, subject to two mortgages and a large number of judgment liens. By the records, the judgment in favor of Ross’ executors was prior to plaintiff’s mortgage; but, by agreement between the parties, the mortgage was to be first paid. In this state of the title, a sale upon execution would not have been an adequate remedy. This could only be afforded in equity, in a suit to which all the lienholders wore parties, and where the various liens could be ascertained and marshaled, the property sold discharged of such liens, and the proceeds properly distributed.
Such is the character of this suit, instituted by the plaintiff as mortgagee to foreclose his mortgage, and to which the judgment creditors are parties; and its prosecution having resulted in a sale of the land, it has, in equity, performed the same office as respects the judgments, which would have been performed by sale'on execution had that form of process been available and resorted to.
The object of the suit, from its commencement, was to subject the land to sale for the benefit of the parties; and it would be exacting a vain thing of a judgment creditor to require him, pending the suit, to make'an .ineffectual attempt, by execution, to accomplish the object for which the suit was being prosecuted.
•The action is a proceeding in equity to enforce the payment of the judgments and mortgages from the land; and in distributing the money resulting from its prosecution, it seems to us no good reason exists in equity why a judgment creditor, who was properly made a party while his judgment was alive, should lose his right to share in the distribution by the omission to issue execution, which, under the state of the title, could not have resulted in a sale of the land.
The nature and object of the suit was the execution and enforce-383] ment of the liens of all the parties; and, when properly *and successfully resorted to, it may well be hold to supersede the necessity of other modes of execution.
In this case, answers, in the nature of cross-petitions, had been filed and the order of sale made before the judgment became dormant. It would, perhaps, have been more regular to have settled *384 the liens by decree before or at the time of ordering the sale. Had this been done, the fact that his judgment afterward became dormant would clearly have been no ground for denying the right of the creditor to share in the distribution. The fact that the rendering of the decree was deferred until after the sale, and to the time the money was brought into court for distribution, did not, in equity, alter the rights of the parties from what they would have been, had the decree been pronounced earlier in the progress of the case.
Judgment to be entered in accordance with this opinion.
Day, C.J., and Brinkerhoff, Scott, and Welch, JJ., concurred.